IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
MISSISSIPPI
GREENVILLE DIVISION

**FILED**

DEC 10 2012

DAVID CREWS, CLERK
BY _____ Deputy

CHARLES COLEMAN                                                    PLAINTIFF

VS.                                        CASE NO.    4:12-CV-118-MPM-JMV

BOLIVAR COUNTY, MISSISSIPPI;
FORMER BOLIVAR COUNTY SHERIFF
H.M. "MACK" GRIMMETT, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY;
AND FORMER CORRECTIONAL OFFICER
JASON COOK, IN HIS INDIVIDUAL AND
OFFICIAL CAPACITY AS A CORRECTIONAL
OFFICER AT THE BOLIVAR COUNTY
CORRECTIONAL FACILITY                                              DEFENDANTS

## *COMPLAINT*

*COMES NOW* the Plaintiff, **CHARLES COLEMAN**, by and through his attorney, Boyd
P. Atkinson, and files this his Complaint against the Defendants, **BOLIVAR COUNTY,**
**MISSISSIPPI; FORMER BOLIVAR COUNTY SHERIFF H.M. "MACK" GRIMMETT**, in
his individual and official capacity; and **FORMER CORRECTIONAL OFFICER JASON**
**COOKI**, in his individual and official capacity, and in support thereof would show unto the Court
the following facts, to-wit:

## *PARTIES*

1.      Plaintiff is an adult resident citizen of the Second Judicial District of Bolivar
County, Mississippi who is presently housed at the Bolivar County Correctional Facility located
at 2792 Highway 8 West, Cleveland, Mississippi, 38732.

2.    The Defendant, Bolivar County, Mississippi, is a governmental entity of the State of Mississippi and may be served with process through its registered agent for process, Brenett N. Haynes, Chancery Clerk, at the Bolivar County Courthouse in Cleveland, Mississippi, 38732.

3.    The Defendant, Former Bolivar County Sheriff H.M. "Mack" Grimmett, may be served at his residence located at 1510 Deering Street, Cleveland, Mississippi, 38732.

4.    The Defendant, Former Correctional Officer Jason Cook, may be served at his place of employment, Bellazar's, Inc., located at 114 S. Gaines Highway, Boyle, Mississippi, 38730.

## *JURISDICTION*

5.    Venue and jurisdiction are proper in this Court as this is an action arising under the laws of the United States, specifically 42 USC Section 1983 and the Eighth and Fourteenth Amendments to the United States Constitution.

## *FACTS*

6.    On or about September 29, 2011, the Plaintiff, Charles Coleman, a pre-trial detainee, was being housed at the Bolivar County Correctional Facility. He was being escorted back to his cell by the Defendant, Jason Cook, and Correctional Officer Chris Sanders, when he asked to see the supervisor in order to make a telephone call. His request was denied and he was again ordered to go into his cell. The Plaintiff continued to ask for a supervisor and at that time, he was thrown to the floor by both correctional officers whereupon the Defendant, Jason Cook, proceeded to repeatedly kick the Plaintiff in the head and body as well as struck the Plaintiff with his fist and elbow in the head and body, causing significant pain and physical injury to the pre-trial detainee, Plaintiff, Charles Coleman.

## *CLAIMS*

### *COUNT ONE*

#### *42 USC Section 1983 Claim for Fourteenth Amendment Due Process Violation*

7.      The Defendants were at all times acting under the color of state law.

8.      The Fourteenth Amendment to the United States Constitution protects individuals from violations of their due process rights. Section 1983 is the vehicle in which the Plaintiff may bring a claim for violations of his Fourteenth Amendment due process rights. At all times herein mentioned, the Defendants were legally obligated to safely detain and protect the welfare and safety of its prisoners, including the Plaintiff, Charles Coleman.

9.      The Defendant, Jason Cook, physically assaulted the Plaintiff, a pre-trial detainee, thereby depriving him of his civil rights secured by the Constitution and the laws of the United States as well as the Constitution and the laws of the State of Mississippi. The Plaintiff was subjected to cruel and inhuman treatment by way of an unprovoked assault on him by a correctional officer of Bolivar County, Mississippi, under the direct control and supervision of the Defendant, former Sheriff H.M. "Mack" Grimmett. The Bolivar County Correctional Facility did not have properly working radios for the correctional officer to call for assistance and when the Plaintiff did not go into his cell and continued to ask for a supervisor, the correctional officer failed to wait for additional assistance in placing the Plaintiff in his cell. The Plaintiff, at the time of this unprovoked assault by the Defendant, Jason Cook, had been a pre-trial detainee for some months, had an obvious mental problem, was under a court order to receive a psychological evaluation, had been problematic with staff and employees of the

correctional facility in the past, and extra precautionary measures should have been taken in moving the Plaintiff around the correctional facility and the Plaintiff should have been in restraints at all times when being moved. The criminal assault on the Plaintiff, Charles Coleman, by the Defendant, Jason Cook, was unnecessary, not in self-defense, and ultimately, the Defendant, Jason Cook, was found guilty by the Bolivar County Justice Court for simple assault on the Plaintiff and fined the sum of $873.75.

10.     The governmental entity, Bolivar County, is also liable since the actions outlined above were carried out pursuant to a policy or custom of the Bolivar County Sheriff's Department and lack of said policy or custom was the moving force behind the constitutional violation. Bolivar County is also liable for the actions of its requisite policymaker, the Defendant, former Sheriff H.M. "Mack" Grimmett, who implemented policies and procedures at the Bolivar County Correctional Facility and played a direct role in the injuries sustained by the Plaintiff, Charles Coleman.

## *COUNT TWO*

### *42 USC Section 1983 Claim for Cruel and Unusual Punishment*

11.     The Defendants were at all times acting under the color of state law.

12.     To the extent applicable herein, the Eighth Amendment to the United States Constitution protects individuals from cruel and inhuman punishment. Section 1983 is the vehicle in which the Plaintiff may bring a claim for violation of Charles Coleman's Eighth Amendment rights.

13.     The deprivation of the Plaintiff's rights were due to the Defendants' failure to provide adequate supervision, security, and safety which included improper training and management of the Defendants' agents, servants and employees, and the Defendant, former Sheriff H.M. "Mack" Grimmett, knew or should have known that correctional officers at the Bolivar County

Correctional Facility did not have working radios to use in the event that they needed assistance nor did they have an adequate plan in effect to deal with troublesome pre-trial detainees. Further, the policies and procedures of the Defendant's, former Sheriff H.M. "Mack" Grimmett, implemented at the Bolivar County Correctional Facility, failed to properly supervise an train correctional officers such as the Defendant, Jason Cook, so as to be able to properly handle and respond to a situation such as a reluctant pre-trial detainee to follow orders and the failure to proper training, supervision, and to provide the necessary equipment as the direct probable cause of the physical injuries sustained by the Plaintiff at the hands of the Defendant, former Correctional Officer Jason Cook.

14.     The governmental entity, Bolivar County, Mississippi, is also liable since the actions outlined above were carried out pursuant to a policy or custom of the Bolivar County Sheriff's Department and said policy or custom was the moving force behind the constitutional violation. Bolivar County is also liable for the actions of its requisite policymaker, the Defendant, former Sheriff H.M. "Mack" Grimmett, who implemented the policy at issue and played a direct role in the injuries sustained by the Plaintiff, Charles Coleman.

## *DAMAGES*

15.     As a direct result of the actions of the Defendants, Plaintiff is entitled to damages in an amount to be determined at the trial of this cause.    As a result of the violation of Charles Coleman's constitutional rights, he was caused to suffer pain and suffering, mental and emotional anguish, and significant physical injuries.  The Plaintiff is also entitled to punitive damages against the individual defendants as well as a reasonable attorney's fee and costs associated with this litigation.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays that this Court will enter a judgment against the Defendants, jointly and severally, in an amount to be determined at trial and that this Court will award punitive damages against the individual defendants, along with all attorney's fees and court costs associated with this action. The Plaintiff prays for all other relief which he may be entitled to under the law.

**RESPECTFULLY SUBMITTED** on this the 7th day of December, A.D., 2012.

**CHARLES COLEMAN, PLAINTIFF**

BY: _____

**BOYD P. ATKINSON, MSB NO. 8324**
**Attorney for Plaintiff**
**P.O. Box 427**
**Cleveland, MS 38732**
**(662) 843-9766**

**STATE OF MISSISSIPPI**
**COUNTY OF BOLIVAR**

**PERSONALLY** appeared before me the undersigned authority at law in and for the jurisdiction aforesaid, the within named, **BOYD P. ATKINSON**, Attorney for Plaintiff, Charles Coleman, who after being by me first duly sworn, states on oath that the matters and facts set out in the above and foregoing Complaint are true and correct as therein stated to the b... of his information and belief.

**SWORN TO AND SUBSCRIBED** before me on this the 7th day of December, A.D., 2012.

My Commission Expires:

_____

_____ NOTARY PUBLIC

REBA GALE MCKNIGHT
ID No 1853
NOTARY PUBLIC
Comm Expires May 8, 2013
STATE OF MISSISSIPPI
BOLIVAR COUNTY